

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-89,752-01 AND WR-89,752-02

### EX PARTE JAIME CUELLAR, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 070471-01-D-WR AND 070472-01-D-WR
### IN THE 320TH DISTRICT COURT FROM POTTER COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two felony offenses and sentenced to imprisonment.

Applicant attempted to appeal, but his appeals were dismissed because the notices of appeal had not been timely filed. *See Cuellar v. State*, Nos. 07-18-00392-CR; 07-18-00393-CR (Tex. App.—Amarillo del. Nov. 26, 2018). Applicant contends that he was denied his right to appeal through no fault of his own. This Court has held that trial counsel's representation does not terminate at the end of trial, and counsel cannot "bow out" of representation without notice to the trial court.

*Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988). In *Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003), this Court outlined the steps trial counsel must take to preserve a defendant's appellate rights. This Court wrote:

> Trial counsel's responsibilities consist of a two-step process. First, the attorney must ascertain whether the defendant wishes to appeal. The decision to appeal lies solely with the defendant.... If the defendant does not wish to appeal, trial counsel's representation ends. If the defendant decides to appeal, the attorney must ensure that written notice of appeal is filed with the trial court. At this point, trial counsel has two options. He may sign the notice himself, in which case, he effectively "volunteers" to serve as appellate counsel. Alternatively, the defendant may file the notice *pro se*, which serves as "an indication that trial counsel 'does not wish to pursue his client's appeal.'" A "contemporaneous" presentation of the *pro se* notice with a motion to withdraw by trial counsel serves as actual notice to the trial court of the defendant's desire to appeal.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). There is no response from trial counsel in the habeas record or findings from the trial court. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim that he was denied his right to appeal because the notices of appeal were not timely filed. To obtain the response, the trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant was denied his right to an appeal through no fault of his own. The trial court shall also make any other findings it deems relevant and appropriate to the disposition of Applicant's habeas claims.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed:  June 5, 2019
Do not publish